# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DAVID HARRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV608-080 |
| COMMISSIONER JAMES E. DONALDSON, WARDEN STEVE UPTON, FNU DASHER, and JOHNNY SMITH, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

David Harris, an inmate at Georgia State Prison, has filed a complaint under 42 U.S.C. § 1983 alleging that he was raped and assaulted by Johnny Smith, a prison guard. (Doc. 1.) For the reasons set forth below, the complaint survives initial review and should be served upon defendants.

### I. FILING FEE

Harris is an indigent prisoner who cannot afford the standard $350 filing fee. (Doc. 2.) Indigent prisoners may commence an action without

prepayment of the filing fee if they proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Doc. 2.) However, § 1915(g) states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, a prisoner barred from proceeding *in forma pauperis* due to § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Harris admits that he is a frequent filer in federal court who has exceeded the "three strikes" permitted by 28 U.S.C. § 1915(g)[1] and asks the Court to permit him to proceed under § 1915(g)'s "imminent danger" exception. (Doc. 2.) Based upon his contention that he has been repeatedly raped and assaulted by Smith and that such actions will continue in the future, the Court finds that Harris has satisfactorily alleged that he is in

---

[1] See Harris v. Kahn, No. CV105-170 (N.D. Ga. Mar. 10, 2005) (dismissed under § 1915A for failure to state a claim); Harris v. Wetherington, No. 02-16610-E (11th Cir. June 4, 2003) (dismissing appeal as frivolous); Harris v. Hall, No. 602-033 (S.D. Ga. Apr. 21, 2003) (dismissed for failure to comply with a court order); Harris v. Wetherington, No. CV102-2012 (N.D. Ga. Sept. 27, 2002) (denying leave to appeal as frivolous, dismissing case for refusing to obey court order).

imminent danger of future serious physical harm. (Doc. 1 at 3.) As he falls within the exception, the Court will proceed with its initial review.

## II. INITIAL REVIEW

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's amended complaint to determine whether he has stated

a claim for relief under 42 U.S.C. § 1983.

Harris contends that Unit Manager Johnny Smith has repeatedly raped him.[2] (Doc. 1 at 2.) In order to cover-up this alleged misconduct, Harris avers that Smith has threatened to kill him or have him killed. (Id. at 1.) After Harris informed a staff member that Smith had raped him, Smith allegedly moved Harris to an isolation cell and commanded a correctional emergency response ("CERT") team to "use hand-on force" and spray Harris with "a gallon of mace," which Harris alleges was an attempt on his life. (Id. at 1-2.)

Harris states that he sent the Warden and Deputy Warden letters concerning the incidents, but they took no investigatory or corrective action. (Id. at 3.) On Monday, September 15, 2008, Harris alleges that he spoke directly with Warden Upton and Deputy Warden Dasher concerning the rape and assault, but they still refused to take any action. (Id.) Harris avers that the wardens have conspired with Smith to allow him to continue the rapes and assaults. (Id.) He finally alleges that Commissioner Donaldson was aware of Johnny Smith's "history of raping and assaulting

---

[2] Harris refers to defendant as "Jhonny Smith." (Doc. 1.)

inmates" but he has permitted Smith to continue in his employment. (Id.) As relief, Harris seeks an investigation into his allegations and an injunction against these defendants to prevent any recurrence. (Id.)

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). To state a claim for violation of the Eighth Amendment, a prisoner must allege facts sufficient to satisfy both an objective and subjective inquiry regarding a prison official's conduct. Farmer, 511 U.S. at 834; Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "[U]nder the 'objective component,' a prisoner must [allege] that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler, 379 F.3d at 1289. "The challenged condition must be 'extreme'" and must pose "an unreasonable risk of serious damage" to the prisoner's future health or safety. Id. (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992) and Helling, 509 U.S. at 35). To satisfy the "subjective" component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted

deliberate indifference. Id. The deliberate indifference standard "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Rather, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate heath or safety" and is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws the inference. Id. at 837; Chandler, 379 F.3d at 1289-90.

The objective component of the claim is clearly met based upon Harris' allegations. Rape advances no legitimate penological purpose and therefore violates the Eighth Amendment. Kahle v. Leonard, 477 F.3d 544, 553 (8th Cir. 2007) (noting that courts have uniformly held that sexual assault of an inmate by a guard violates the inmate's Eighth Amendment rights); Turner v. Huibregste, 421 F. Supp. 2d 1149, 1151-52 (D. Wis. 2006) ("[G]rabbing a prisoner's buttocks and fondling his penis do not advance any legitimate security interest. Plaintiff has alleged sufficient facts to state a claim that defendant . . . searched him in a harassing manner intended to humiliate and inflict psychological pain."); see also Bromell v.

Idaho Dep't of Corr., 2006 WL 3197157, at *4 (D. Idaho Oct. 31, 2006); Rodriguez v. McClenning, 399 F. Supp. 2d 228, 238 (S.D.N.Y. 2005); Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000); Calhoun v. Detalla, 319 F.3d 936, 939 (7th Cir. 2003).

In determining whether the subjective component of an Eighth Amendment claim is satisfied, the Court notes that it must accept the well-pled factual allegations of the complaint as true and liberally construe them in light most favorable to the plaintiff. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Accepting the truthfulness Harris' allegations that Smith has deliberately harmed and attempted to kill him, the Court finds that Harris has stated a colorable Eighth Amendment claim against defendant Smith.

The remaining defendants present a closer issue, as claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the individual defendant directly participated

in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Here, Harris contends that Donaldson, Upton, and Dasher not only knew of the repeated rapes and assaults but permitted Smith's alleged actions to continue. The Court is, naturally, quite skeptical that Harris will be able to prove that the head of Georgia's Department of Corrections and two wardens at Georgia State Prison were complicit in the rape of an inmate by a prison guard. But "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).[3] As Harris has alleged that these supervisory officials directly participated in the violation of his Eighth Amendment rights, his claim survives initial review. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

---

[3] The standards governing dismissals under Rule 12(b)(6) apply to the initial review of prisoner complaints under the PLRA provisions requiring immediate dismissal of claims that are legally insufficient. Alba v. Montford, 517 F.3d 1249, 1251 (11th Cir. 2008); accord Mayfield v. Texas, 529 F.3d 599, 617 (5th Cir. 2008).

Based on the foregoing, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Order to the United States Marshal for service upon defendants Smith, Donaldson, Upton, and Dasher.

**SO ORDERED** this  14  day of October, 2008.

s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
