# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DAVID HARRIS, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV608-080 |
| COMMISSIONER JAMES E. DONALDSON, WARDEN STEVE UPTON, FNU DASHER, and JOHNNY SMITH, | ) ) ) ) ) ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate David Harris filed this 42 U.S.C. § 1983 action alleging that defendant Johnny Smith repeatedly rapes him, has attempted to murder him, and that the above-captioned codefendants conspired to permit Smith to continue these actions with impunity. (Docs. 1 & 6.) Defendants move to dismiss plaintiff's case for lack of administrative exhaustion. (Doc. 14.)

Defendants contend that Harris failed to exhaust his prison's administrative remedies prior to filing his complaint, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under § 1997e(a), a prisoner must exhaust all available administrative remedies

before filing an action that challenges the conditions of his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." Harris v. Garner, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970, 972 (11th Cir. 2000)). The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires *proper* exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006) (emphasis added). Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to

comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. Id. at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 83-84; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). And if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, then he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

The Eleventh Circuit has recently held that a defense of failure to properly exhaust administrative remedies under the PLRA should be treated as a matter in abatement, thus allowing a district court to resolve factual disputes concerning exhaustion. Bryant v. Rich, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a

jurisdictional matter. As a result, deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 542 F.3d 1077, 1082 (11th Cir. 2008) (citing Bryant, 530 F.3d at 1374). The Court initially "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Turner, 542 F.3d at 1082.

If, however, the complaint is not subject to dismissal through that first step, then the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. Because in this case the Court is able to determine in the first step--by taking Harris' version of the facts as true--that Harris failed to exhaust his administrative remedies before bringing this claim, the Court may dismiss the complaint without proceeding to Turner's second step Id.

Harris filed with this Court a hand-written, non-form complaint that lacks any reference to, much less any allegation asserting, exhaustion of his

prison's administrative remedies.[1] Defendants note this deficiency and insist that Harris in fact failed to exhaust his administrative remedies. (Doc. 14.) By way of an affidavit from Sanche M. Jackson, a prison administrative assistant familiar with the grievance process, the defendants claim that plaintiff, a frequent grievance filer, did not file a grievance on the instant allegations until several days after he filed this case.[2] (Doc. 14-3 at 3.) That grievance was forwarded to internal investigations, and Harris appealed that action. (Id.) And that administrative appeal is *still* pending. (Id.)

Harris does not dispute this characterization of the events. Instead, he argues that the exhaustion requirement should not apply to him because the Court previously found that he was in "imminent danger."[3] (Doc. 15

---

[1] Plaintiff suffers no consequence from his failure to allege exhaustion, since "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 215.

[2] As Harris filed two grievances regarding the facts alleged in his complaint and he appealed one of those grievances to the Commissioner, he cannot now argue that the grievance system was unavailable. Turner, 541 F.3d at 1085.

[3] Harris notes that he amended his complaint to seek injunctive relief and a temporary restraining order. (Doc. 15 at 1.) The addition of the claim for injunctive relief has no bearing on this inquiry, however, because an unexhausted claim still has no chance of success on the merits, a showing which is required before a preliminary injunction may issue. McDaniel v. Crosby, 194 F. App'x 610, 613-14 (11th Cir. 2006);

at 1-4.) But the Court simply permitted the filing of this action by plaintiff, a "three-striker" normally barred from filing federal lawsuits, to proceed under the 28 § U.S.C. 1915(g) three-strikes exception because he alleged in his complaint that he was in imminent danger of serious physical injury. (Doc. 7.) The PLRA does not otherwise excuse exhaustion for prisoners alleging imminent danger of physical injury. Williams v. Rich, No. CV606-003 (S.D. Ga. Aug. 31, 2006); McAlphin v. Toney, 375 F.3d 753, 755 (8th Cir. 2004) (per curiam); Arbuckle v. Bouchard, 92 F. App'x 289, 291 (6th Cir. 2004).

In applying Turner's first step, the Court must analyze the exhaustion issue as if plaintiff's version of the facts is true. 541 F.3d at 1082. Taking Harris's assertions as true, his claims are clearly unexhausted, for he may not proceed with a suit alleging imminent danger until he first satisfies § 1997(e)'s exhaustion requirement. See Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the

---

see Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998) (noting that the exhaustion requirement applies to claims of injunctive and monetary relief); Simpson v. Holder, 200 F. App'x 836, 840 (11th Cir. 2006) (same).

remedies available under that procedure before pursuing a § 1983 lawsuit"); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (holding that federal courts are powerless to forgive the exhaustion requirement in the interest of "efficient litigation management," even if the prisoner exhausts his available remedies shortly after the suit is filed); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (although plaintiff's administrative remedies were exhausted two days after his complaint was filed, § 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a section 1983 suit, rather than while the action is pending"); see also McNeil v. United States, 508 U.S. 106 (1993) (a Federal Tort Claims Act suit may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation) (unanimous decision). Accordingly, the defendants' motion to dismiss (doc. 14) should be **GRANTED**, and Harris' complaint should be **DISMISSED** without prejudice.[4]

---

[4] Additionally, Harris moved for the entry of a default, because defendants did not file an answer or motion within time allotted by the Federal Rules of Civil Procedure. (Doc. 13.) He is mistaken. The Marshal mailed the waiver of service forms to the defendants on October 16, 2008. (Docs. 9, 10, 11, 12.) On December 15, 2008, sixty days later, the defendants submitted their motion to dismiss. (Doc. 14.) If a defendant has timely waived service, he must file a responsive pleading within 60 days after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). The motion to dismiss is clearly a

**SO REPORTED AND RECOMMENDED** t his  23rd   day of February, 2009.

/s/ JR Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

responsive pleading under Rule 12(b). As the motion was filed within the time limits imposed by the Federal Rules, Harris motion for the entry of a default should be **DENIED**.